UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIFEWAY FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN BASILE, | ) | Jury Trial Demanded |
| d/b/a KEFIRLIFE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

For its complaint against defendant John Basile, dba KefirLife, ("KefirLife") plaintiff Lifeway Foods, Inc. ("Lifeway") states:

### Summary of Case

1. For nearly 30 years, Lifeway has invested substantial time, energy, creativity, and money into building its famous brands of kefir food and beverage products.

2. Lifeway brands include the "KEFIR" and "LIFEWAY" trademarks discussed below, which Lifeway has used for years in connection with Lifeway's popular kefir food and beverage products.

3. But with success comes imitation. An online business, KefirLife, has taken Lifeway's distinctive trademarks and copied and used them to create the false appearance that it is Lifeway or that the low quality kefir products it is selling are Lifeway products.

4. Lifeway brings this action to end KefirLife's deception and its illegitimate business.

{5392603:3}

## The Parties

5.  Lifeway Foods, Inc. is an Illinois corporation, with a principal place of business in Illinois.

6.  John Basile is a New Jersey resident who does business as KefirLife.

## Jurisdiction and Venue

7.  This Court has subject matter jurisdiction over Lifeway's Lanham Act claim under 15 U.S.C. § 1121 and under 28 U.S.C. § 1331 because it arises under federal law.

8.  This Court has supplemental subject matter jurisdiction over Lifeway's state law claims under 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claim that together the claims are part of the same case or controversy under Article III.

9.  This Court has personal jurisdiction over KefirLife because, among other things, it is confusing Illinois individuals and businesses, doing business in Illinois, offering to sell goods in Illinois to Illinois individuals and businesses, (upon information and belief) supplying goods and services to Illinois individuals or businesses, and causing harm in Illinois to Lifeway.

10. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## Relevant Facts

**I.    The Lifeway Marks**

11. To bring the popular cultured dairy drink of Eastern Europe to his new homeland, Russian immigrant Michael Smolyansky began making kefir in the basement of his Skokie, Illinois, home as early as 1986.

{5392603:3}                                        2

12. Smolyansky, determined to share this delicious and healthy food product with his new homeland, continued to work diligently on his business and his products, and took his company public in 1988.

13. Through hard work and other investments, Lifeway has become the largest manufacturer of kefir in the United States.

14. Lifeway has devoted substantial amounts of money and effort to promote, market, and provide its goods and services in association with the Lifeway Marks for at least a quarter-century.

15. Lifeway owns the trademark, LIFEWAY®, which is registered on the Principal Register under U.S. Registration No. 1,571,136 (the "LIFEWAY mark") and is shown below:



16. Lifeway also owns common law rights to the logo shown below (the "KEFIR mark") shown below. Lifeway has been using this mark for many years.



17. Since 1986, Lifeway has generated millions of dollars in revenue from the sale of products associated with one or both of the Lifeway Marks.

18. Lifeway owns and has the exclusive right to use each of the Lifeway Marks in commerce and in connection with kefir, kefir beverages, cheese food products, and other related goods and services by virtue of its trademark registration and its development, investment in, creation, and use of the Lifeway Marks and the timing thereof.

19. Through its advertising, marketing, promotional efforts, and sales, Lifeway has enhanced the reputation of the Lifeway Marks, and it has caused the Lifeway Marks to grow in strength, value, and recognition to the point that the marketplace instantly associates each of the distinctive Lifeway Marks with Lifeway's kefir food and beverage products, its related goods, and their high quality.

## II. KefirLife's Wrongful Acts

20. KefirLife is improperly using both of the Lifeway Marks to sell kefir food and beverage products without Lifeway's permission. For example, KefirLife is using the "KefirLife" name (the "Infringing Name") and the KefirLife logo shown below (the "Infringing Logo"), collectively, the Infringing Name and Infringing Logo are the "Infringing Mark," in connection with the marketing and sale of kefir-based products:



21. The Infringing Logo is a deceptive combination of the two Lifeway Marks. As shown below, KefirLife copied the KEFIR mark entirely and then cut the LIFE- portion from the LIFEWAY mark and pasted it onto the end of the KEFIR mark:

Lifeway Marks



Infringing Mark

22. KefirLife copied the distinctive features of each of the Lifeway Marks, including the blue and white color scheme, and even copied the trademark registration symbol (®), despite the Infringing Mark not being registered with the U.S. Patent and Trademark Office.

23. KefirLife is using the Infringing Mark to sell kefir food and beverage products without Lifeway's permission on online retail websites including (without limitation): www.amazon.com, www.etsy.com, and www.ebay.com (collectively, the "Vendor Websites"). Examples of screenshots from these websites are attached as Exhibit A.

24. KefirLife also has registered and used one or more domain names that are confusingly similar to one or both of the Lifeway Marks, including (without limitation) kefirlife.com, (the "Infringing Domains"). KefirLife currently uses the kefirlife.com domain as a redirect to its Amazon store, where it repeatedly uses the Infringing Mark to advertise and sell kefir products.

25. KefirLife included the Infringing Mark on the Vendor Websites with full knowledge of Lifeway's prior use and ownership of the Lifeway Marks.

26. KefirLife registered and used the Infringing Domains with full knowledge of Lifeway's prior use and ownership of the Lifeway Marks.

27. KefirLife has used the Infringing Mark with the willful intent to confuse the marketplace, to trade on Lifeway's goodwill, and to divert business from Lifeway to itself.

28. Through its improper use of the Infringing Mark, KefirLife has confused actual and potential customers, has diminished Lifeway's sales, has falsely and unfairly inflated the reputation and goodwill of KefirLife, has diminished the value and goodwill of the Lifeway Marks, and continues to do all of those things.

29. Lifeway has never given KefirLife permission to use the Lifeway Marks or the Infringing Mark.

## Count One
### Trademark Infringement under the Lanham Act
**(15 U.S.C. § 1125)**

30. Lifeway incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

31. The Lifeway Marks are valid and legally enforceable.

32. Lifeway owns the Lifeway Marks.

33. The Lifeway Marks are each inherently distinct.

34. Through years of usage, the Lifeway Marks also have each acquired distinctiveness in the marketplace, such that those in the relevant channels of distribution readily associate each of the Lifeway Marks with Lifeway and its goods and services.

35. By using the Infringing Mark to sell, offer to sell, and promote goods and services that do not originate from Lifeway, KefirLife has caused, and is likely to continue to cause, confusion in the minds of purchasers concerning the origin, source, sponsorship, approval, and association of Lifeway's goods and services, the non-Lifeway's goods and services offered by KefirLife, or both.

36. KefirLife's actions are trademark infringement under 15 U.S.C. § 1125(a)(1)(A).

37. KefirLife has willfully infringed both of the Lifeway Marks.

38. KefirLife's trademark infringement has damaged Lifeway and caused it irreparable harm, which will continue unless KefirLife's unlawful conduct is enjoined by this Court.

## Count Two
### *Cyberpiracy under the Lanham Act*
### *15 U.S.C. § 1125(d)*

39. Lifeway incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

40. The Infringing Domains are confusingly similar to the Lifeway Marks.

41. KefirLife has registered and used the Infringing Domains with bad faith intent to profit from the Lifeway Marks.

42. As a direct and proximate result of KefirLife's unlawful registration and use of the Infringing Domains, Lifeway has been damaged in an amount to be determined at trial.

43. As a direct and proximate result of KefirLife's unlawful registration and use of the Infringing Domains, Lifeway has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by the Court.

**Count Three**
*Violations of the Illinois Deceptive Trade Practices Act*
*815 ILCS 510/1 - 510/7*

44. Lifeway incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

45. KefirLife's unlawful activities violate Illinois' Deceptive Trade Practices Act.

46. KefirLife's violations of Illinois' Deceptive Trade Practices Act have damaged Lifeway and caused it irreparable harm, which will continue unless KefirLife's unlawful conduct is enjoined by this Court.

**Count Four**
*Unfair Competition*

47. Lifeway incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

48. KefirLife's unlawful activities are unfair competition under the common law.

49. KefirLife's unfair competition has damaged Lifeway and caused it irreparable harm, which will continue unless KefirLife's unlawful conduct is enjoined by this Court.

**Count Five**
*Unjust Enrichment*

50. Lifeway incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

51. Through its unlawful activities, KefirLife has obtained benefits, including goodwill and sales, that rightfully belong to Lifeway.

52. KefirLife has not compensated Lifeway for the benefits that KefirLife wrongfully obtained, despite justice and equity requiring it to do so.

53. KefirLife has unjustly enriched itself by obtaining and retaining the ill-gotten benefits of its unlawful activities.

54. KefirLife's receipt and retention of the benefits of its unlawful activities is unjust enrichment.

55. KefirLife's unjust enrichment has damaged Lifeway and caused it irreparable harm, which will continue unless KefirLife's unlawful conduct is enjoined by this Court.

### Prayer for Relief

WHEREFORE, Lifeway prays for judgment against KefirLife as follows:

(A) Compensatory damages in an amount to be determined at trial.

(B) An accounting and disgorgement of KefirLife's ill-gotten profits.

(C) Punitive damages.

(D) Attorneys' fees.

(E) Pre-judgment and post-judgment interest.

(F) Costs of the action.

(G) Preliminary and permanent injunctive relief barring KefirLife and others from: (i) using the Lifeway Marks, the Infringing Mark, or anything confusingly similar to either or both of the Lifeway Marks in any advertisement, on packaging of kefir food and beverage products or any related goods, or in any other manner that is likely to cause consumer confusion; and (ii) committing any of the other wrongful acts cited in this complaint.

(H) Preliminary and permanent injunctive relief barring KefirLife and others from registering or using: (i) the Infringing Domains; and (ii) any domain that contains either or both of the Lifeway Marks, or anything confusingly similar to them.

(I) An order forfeiting or cancelling each of the Infringing Domains or transferring them to Lifeway.

    (J)    Such other and further relief as allowed at law or in equity that the Court deems to be appropriate and to which Lifeway is entitled.

Dated: March 16, 2015

   /s/Richard N. Kessler_____
Richard N. Kessler (#6183140)
David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
300 N. LaSalle Street, Suite 2100
Chicago, IL 60654
t 312.280.0111 │ f 312.280.8232
*rkessler@mcdonaldhopkins.com*
*dcupar@mcdonaldhopkins.com*
*mcavanagh@mcdonaldhopkins.com*

*Counsel for Lifeway Foods, Inc.*

**<u>Jury Demand</u>**

Lifeway Foods, Inc. hereby demands a jury trial for all issues so triable.

   /s/Richard N. Kessler
*Counsel for Lifeway Foods, Inc.*